```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION
```

JERRY KELLY #20130223129,       )
                                )
           Plaintiff,           )
                                )
    v.                          )     No.  13 C 4651
                                )
TOM DART, SHERIFF OF COOK       )
COUNTY, et al.,                 )
                                )
           Defendants.          )

MEMORANDUM ORDER

Jerry Kelly ("Kelly") has used the form of printed Complaint made available by this District Court[1] to bring a pro se lawsuit against Cook County Sheriff Tom Dart and the "Cook County Jail System" (the latter is not a separate legal entity and cannot be sued as such). Kelly's Complaint alleges that he was subjected to appalling conditions while housed at the Cook County Department of Corrections ("County Jail").

Even apart from the fact that Kelly has not identified the time period during which he was subjected to those living conditions (Complaint ¶V narrates that he came to the County Jail on February 23, 2013, but he says nothing about the duration of his stay), there are other matters that could well bear on the viability of his claim of a constitutional deprivation. Several holes (or potential holes) in Kelly's attempted lawsuit have

---

[1] Because Kelly is now in custody at the East Moline Correctional Center, he used the printed form provided by the Western Division of this District Court--but it is identical to the form made available by the Clerk of this Eastern Division.

prompted the issuance of this memorandum order.

As a threshold matter, 42 U.S.C. §1997e(a) makes it a precondition to any prisoner lawsuit that he or she must have exhausted all administrative remedies that are available, but Kelly has been totally silent on that score. This Court will allow him to file, on or before July 15, 2013, an amendment to the Complaint dealing with that subject, failing which this Court would be constrained to dismiss this action.[2]

Two additional problems with Kelly's submissions are (1) his failure to provide a printout of transactions in his trust fund account from the institutions where he has been housed during the six months preceding his filing of this lawsuit (in this instance, from about December 17, 2012 through June 17, 2013) and (2) his failure to identify, in his Motion for Appointment of Counsel form, any efforts that he has made to get a lawyer on his own (a showing that our Court of Appeals requires as a precondition to any such appointment). But given the possible deficiency identified in the preceding paragraph, this Court will

---

[2] Kelly's submission should also identify the time frame during which he suffered the living conditions at the County Jail about which he complains -- a factor that may bear on whether that amounted to a deprivation of his constitutional rights.

not require Kelly to cure those omissions unless and until he passes that first hurdle.

_____
Milton I. Shadur
Senior United States District Judge

Date:  June 28, 2013